UNION TRUST CO., EXECUTOR, ESTATE OF G. W. MEREDITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4478.   Promulgated January 17, 1928.

*J. M. Cumming, Esq.,* for the petitioner.
*L. C. Mitchell, Esq.,* for the respondent.

OPINION.

TRUSSELL: Disallowance by respondent of debts in the amount of $4,478.03 charged off in the taxable year 1918 appears to have been for the reason that the ledger sheets covering the accounts were taken out of the current ledger following the charge-off and placed in a transfer binder and that this record could not be found in 1924 when an audit was made by respondent of the petitioner's return for 1918. The fact that the debts existed and were charged off in the year in question is admitted. The necessity thought to exist for the production of the ledger sheets appears to be on the theory that those would show the last dates of payment on each account and

**1376**

would accordingly show when the individual debts became *worthless in fact*, and that this showing is necessary in view of the lack of testimony on this point.

The existence of the debts and their charge-off having been proven and admitted, the production of the ledger sheets in question is not thought to be necessary, in view of the evidence submitted by petitioner at the hearing.

There were two witnesses for petitioner on this question, F. C. Buben, who had been in the employ of taxpayer for 12 years, and at the time these debts were charged off, and for some years prior thereto, was in charge of the books, accounts and collections and looked after most of the credit matters of the business, testified that he made up the list of the debts charged off and identified each one of the accounts and stated that this action was taken by him after unsuccessful efforts to collect each account through the salesmen employed, then through a collection agency, and finally through local attorneys. T. H. Meredith, a son of the taxpayer, who had been an employee of the business for years and was in general charge of matters for his father during the years 1918 and 1919, corroborated this testimony as to the custom of the business in charging off debts as uncollectible upon unsuccessful efforts to collect as described.

The evidence is sufficient to determine that the petitioner's opinion as to the uncollectibility of these debts was justified and was arrived at in the year 1918 in which they were charged off and petitioner is accordingly entitled to deduct this amount of $4,478.03 for that year. *Ed. S. Hughes Co.*, 6 B. T. A. 949; *John E. Saddler*, 2 B. T. A. 1305; *Townsend Lumber Co.*, 1 B. T. A. 894. Petitioner is also entitled to deduct for the taxable year 1919 the sum of $800 representing a disallowance by respondent of that amount as part of the cost of an electric sign, which, it was stipulated at the hearing, represented an expense of that year.

The deficiency should be redetermined in accordance with the foregoing findings of fact and opinion.

*Judgment will be entered upon 15 days' notice, pursuant to Rule 50.*